**Debbie Mae GLASS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–01068–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 10, 1988.

Roy Beene, Houston, for appellant.

John B. Holmes, Dist. Atty., Harris County, Linda West, Asst. Dist. Atty., Harris County, for appellee.

Before SAM BASS, STEPHANON and WARREN, JJ.

OPINION

WARREN, Justice.

This is an appeal from a conviction for promotion of obscene material. Appellant was charged with "unlawfully and knowing the content and character of the material, intentionally sell[ing] to J.W. PRICE obscene material, namely, a magazine, entitled "CRAZY FUCKED–UP BROAD", which depicts patently offensive representations of actual and simulated sexual intercourse, oral sodomy, anal sodomy, and male ejaculation of semen." Trial was to the court, which assessed punishment at 10 days in jail.

The sole point of error contests the sufficiency of the evidence to prove that appellant had knowledge of the character and content of the magazine sold to a plain clothes police officer. Appellant contends that "certain depictions" on the magazine were covered by stickers that prevented a person from seeing portions of the cover and that the magazine was sealed.

In judging the sufficiency of the evidence, the reviewing court must view the evidence in the light most favorable to the State and decide whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App. 1986). It is irrelevant whether the reviewing court believes the evidence or that it is "outweighed" by the opposing side's evidence; if there is *any* evidence that could establish guilt beyond a reasonable doubt, the conviction will not be reversed. *Combs v. State*, 643 S.W.2d 709, 716 (Tex.Crim. App.1982).

Knowledge of the content and character of obscene material may be shown by direct or circumstantial evidence. *Smith v. California*, 361 U.S. 147, 154, 80 S.Ct. 215, 219, 4 L.Ed.2d 205 (1959); *Carroll v. State*, 701 S.W.2d 913, 914–15 (Tex. Crim.App.1986). Eyewitness testimony of the accused's perusal of the material is not necessary; nor is any one particular kind

of evidence required to prove the element of knowledge. *Carroll,* 701 S.W.2d at 914.

Houston Police Officer J.W. Price testified that he was assigned to the Vice–Division and was on plain clothes duty on June 9, 1987, when he went to the "Hot X Adult Theatre" to check for violations of the state obscenity laws. He testified that the Hot X Adult Theatre was "mainly an adult bookstore." He described the building as the approximate size of the trial courtroom, with "rows and rows" of adult magazines along each wall. The appellant was standing behind a counter, near a cash register, in the center of the room. Officer Price testified that the appellant was the only employee there and that she was waiting on customers and talking on the telephone. When Officer Price asked how he could buy one of the magazines on the wall, appellant told him to just pull it off the wall and bring it to her.

He took a magazine to her with a cover that depicted a man and a woman having sexual intercourse. The magazine was in a clear cellophane wrapper, through which the cover was visible. Officer Price testified that several small round stickers were placed on the cover, but that these did not obscure the depictions of sexual intercourse. When he laid the magazine on the counter near her and told her that he could not afford that one, whereupon appellant told him that if he bought as many as three at one time, they would sell them for half price.

Officer Price testified that he then walked back to the wall and selected a magazine entitled "Crazy Fucked–Up Broad," took it back to the counter, and laid it down in front of the appellant. He testified that the front cover depicted a woman performing oral sodomy on a man, while another man was having sexual intercourse with her. Price also stated that the back cover of the magazine depicts the same thing that was on the front, "just in a different position."

Price further testified that all the magazines in the store surrounding the appellant appeared to be of the same character as the magazine he bought. The magazine was sealed with a sticker stating that "this literary material has been sealed prior to the exhibition for sale of this literary material.... The clerk who has sold this material has exhibited no knowlege of the contents of this literary material...." Officer Price stated that he was never told to read the sticker or initial that he had read it. He testified that he did not read the disclaimer sticker until he got back to the office where he had his glasses.

Although the cover itself of a sexually explicit magazine does not automatically impute knowledge of its character and content to a viewer of that cover, the sexually explicit cover may be considered as evidence in deciding whether the defendant had such knowledge. *Carroll v. State,* 701 S.W.2d at 914–15; *Staten v. State,* 686 S.W.2d 268 (Tex.App.—Houston [14th Dist.] 1985, no pet.). Appellant was the only employee on duty in the Hot X Adult Theatre bookstore, where rows of magazines with sexually explicit covers surrounded the counter where she waited on customers. She sold to the plain clothes policeman a magazine, the covers of which depicted explicit sexual intercourse and oral sodomy, similar to the covers of the other magazines displayed for sale at the store. Appellant's allegation that stickers concealed portions of the magazine's cover is refuted by State's exhibit 2, the magazine itself. With the exception of the disclaimer sticker that sealed the inside pages, the other small stickers cover only minute parts of the depiction of actual sexual intercourse on the front and back covers. We find that a rational trier of fact could conclude from the cumulative evidence in this case, beyond a reasonable doubt, that appellant knew the nature of the business where she worked and the content and character of the magazine she sold.

The appellant's point of error is overruled.

The judgment of the trial court is affirmed.