Juan Sergio LOPEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–90–00700–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 21, 1991.

Jerome Goodinich, Houston, for appellant.

John B. Holmes, Jr., Harris County Atty., Lester Blizzard, Stuart Burns, Asst. Harris County Dist. Attys., for appellee.

Before TREVATHAN, C.J., and O'CONNOR and COHEN, JJ.

## OPINION

COHEN, Justice.

Appellant was convicted in a non jury trial of theft by receiving. The court assessed punishment of four years probation.

In his first and third points of error, appellant contends there is insufficient evidence to prove he knew the property he received was stolen by another.

A person commits theft if he unlawfully appropriates property with intent to deprive the owner of property. Tex.Penal Code Ann. § 31.03(a) (Vernon 1989). Appropriation is unlawful if the property is stolen and the actor appropriates the property knowing it was stolen by another. Tex.Penal Code Ann. § 31.03(b)(2) (Vernon 1989). To prove appellant knew the property was stolen, the State must show actual subjective knowledge, not merely knowledge that would have indicated to a reasonably prudent person that the property was stolen. Dennis v. State, 647 S.W.2d 275, 280 (Tex.Crim.App.1983). Otherwise, an innocent person who has acted in good faith with the thief might be subject to the harsh penalties the law provides for receiving stolen property. Id.

In determining the sufficiency of the evidence, we review the evidence in the light most favorable to the verdict, and determine whether any rational trier of fact could have found the essential elements beyond a reasonable doubt. Jackson v.

*Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234 (Tex.Crim.App. 1989). It is not required that every fact point directly and independently to the accused's guilt; it is enough if a conclusion is warranted by the combined and cumulative force of all incriminating circumstances. *Miller v. State,* 661 S.W.2d 173, 175–76 (Tex.App.—Houston [1st Dist.] 1983, no pet.). The standard of review is whether any factfinder could rationally have excluded all reasonable doubt of the accused's guilt, not all doubt. *Williams v. State,* 784 S.W.2d 428, 429 (Tex.Crim.App.1990). An appellate court may not second-guess the finding at trial so long as some rational factfinder could conclude that any remaining doubts or reasonable hypotheses are not reasonable. *Id.* at 430.

■ On December 5, 1990, Jerry Bell, the complainant, learned his truck, bearing license plate number 7117 TY, was stolen. When he recovered the vehicle, the dash was torn out of it, the wheels were off, the camper was missing, and the motor was gone.

Sheriff's deputy John Key was dispatched to appellant's residence on December 18, 1990 to investigate a report of an auto theft stripping in progress. Deputy Key asked appellant if there was a black Chevrolet in the garage, and appellant told him there was. Deputy Key entered the garage and found a truck with license number 7117 TY. Its original wheels had been removed and placed in the back of the truck, the steering column was broken, and the interior was partially disassembled. Appellant told Deputy Key a man named Shake brought the truck to his house and left it there. Appellant said Shake lived in Acres Homes, but he did not know how to contact Shake. Shake did not testify. Appellant presented no evidence at trial.

■ Mere unexplained possession of recently stolen property does not give rise to a presumption of guilt of receiving stolen property; however, it can, along with other circumstances, support an inference that an accused knew he possessed stolen property. *Hynson v. State,* 656 S.W.2d 460,

462 (Tex.Crim.App.1983). Here, there is evidence in addition to his presence that proves appellant knowingly possessed stolen property. The steering column was broken, parts were removed, and appellant was dismantling the valuable truck of a man he could neither contact nor fully name, even though the man had simply "left it" there.

Appellant's conduct brings into play TEX. REV.CIV.STAT.ANN. art. 6687–1, sec. 37(a) (Vernon 1977), which provides:

> When any motor vehicle registered or licensed in Texas to which a certificate of title has been issued is ... dismantled, ... the owner named last in the certificate of title shall surrender the certificate of title to the Department [of Public Safety] ... and the certificate shall be cancelled on the records of the Department.

One court has held that when a defendant dismantled a car before the owner surrendered the certificate of title, the court could take that as evidence the defendant knew he possessed a stolen car. In *Robinson v. State,* 728 S.W.2d 858, 863 (Tex.App.—Austin 1987, no pet.), the court wrote:

> Before any car can be dismantled, the owner last named in the certificate of title must surrender such title to the Department of Public Safety. (citing the statute) ... Since the law in Texas is clear that one ... dismantling an automobile must have a proper certificate of title, absence of such a certificate of title is a factor which could be considered by the court.

Jerry Bell, the complainant, testified he never gave anybody, including appellant, permission to use or operate his truck. A rational fact finder could thus infer that Bell never gave appellant title to the truck and never surrendered the title to the Department of Public Safety. Thus, like the defendant in *Robinson,* appellant was dismantling a vehicle before the owner surrendered its title, and that fact can be taken as evidence he knew the truck was stolen.

Taken together, these circumstances would allow a rational factfinder to find appellant guilty. Looking at the evidence in the light most favorable to the prosecu-

tion, there is sufficient evidence to establish appellant knew he appropriated property stolen by another.

Appellant's first and third points of error are overruled.

■ Appellant's second point of error contends the trial court erred in admitting Deputy Key's hearsay testimony that the dispatcher told him the vehicle was stolen. Deputy Key testified the dispatcher checked the license plate and told him the vehicle was stolen. The trial court overruled appellant's hearsay objection.

Here, there was other evidence, admitted without objection, that the truck was stolen. Deputy Key testified the license number of the truck was 7117 TY, and the complainant testified that was the license number of his stolen truck. Deputy Key also testified, without objection, that the truck was stolen. Thus, any error in admitting the evidence was waived. Moreover, the State, in responding to appellant's hearsay objection at trial, stated that it was offering the evidence not for its truth, but only to show the reason Key was investigating. If not offered for its truth, the evidence was not hearsay. TEX.R.CRIM. EVID. 802.

The second point of error is overruled.

The judgment is affirmed.