James Mathis ANDERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–01273–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 17, 1994.

John F. Carrigan, Houston, for appellant.

John B. Holmes, Jr., Scott A. Durfee, Tony Dodson, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and WILSON and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

A jury found the appellant guilty of theft by receiving. The court assessed punishment, enhanced by two earlier felony convictions, at 25–years imprisonment. We affirm the conviction, but remand to the trial court for a new punishment hearing.

### Fact Summary

The Houston Police Department received a call that a man was "down" in a car in a parking lot, which meant that someone was sleeping, passed out, or dead. A patrol car found the car in a crowded parking lot of a shopping mall. Before approaching the car, the officers ran a check on the car's license plate, and it was reported as stolen from another car. From outside of the car, the officers could see that the steering column of the car was broken.

When the officers awakened the appellant, he told them he was waiting on friends, but did not know where they were or when they would be back. The officers asked the appellant to step out of the car, and patted him down, looking for weapons. The officer then ran a check on the car's identification (VIN) number, and learned the car was reported stolen. The appellant was placed under arrest.

Inside the car, the officers found the car owner's barber kit, the appellant's belongings, including his clothing and photographs

of his wife and child, and numerous syringes. The trunk was full of hubcaps.

## Notice of car theft

In point of error one, the appellant argues the evidence is insufficient to support a verdict of guilty as to theft by receiving because there is no evidence in the record that he knew the vehicle in which he was sleeping was stolen or that he intended to appropriate it from anyone.

■ In reviewing the sufficiency of the evidence, an appellate court must view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State,* 769 S.W.2d 234, 239 (Tex. Crim.App.1989); *Glass v. State,* 761 S.W.2d 806, 807 (Tex.App.—Houston [1st Dist.] 1988, no pet.). It is not relevant whether the reviewing court believes the evidence or that it is "outweighed" by the opposing side's evidence; if there is any evidence that could establish guilt beyond a reasonable doubt, the conviction will not be reversed. *Glass,* 761 S.W.2d at 807.

The appellant contends he was merely sitting in the car waiting for friends, and that he was picked up that day by a friend who was driving the car. He argues that unexplained possession of stolen property alone is not enough to show he had knowledge the property was stolen. The State contends the appellant had to know the car was stolen because the steering column was broken, he had no keys, and the trunk lock had been jimmied. It also contends it did not have to prove the appellant intended to appropriate the car, only that he intended to deprive the owner of his property.

■ We agree with the State. There is evidence to support the inference that the appellant knew the car was stolen because it was obvious the steering column had been broken, he did not have the keys to the car, and the trunk had been jimmied.

■ There is no presumption of guilt of the offense of receiving stolen property from the unexplained possession of recently stolen property. *Hynson v. State,* 656 S.W.2d 460, 462 (Tex.Crim.App.1983); *Lopez v. State,* 820 S.W.2d 898, 899 (Tex.App.—Houston [1st Dist.] 1991, no pet.). The unexplained possession of recently stolen property can, however, with other circumstances, support an inference that an accused knew he possessed stolen property. *Hynson,* 656 S.W.2d at 462; *Lopez,* 820 S.W.2d at 899. Here, these circumstances permit a rational factfinder to find the appellant knew the car was stolen.

The appellant also argues the State did not show he intended to appropriate the car. The appellant was in the car. The owner testified he had not given him consent to be there. The State presented evidence that the appellant intended to deprive the owner of his property, and was exercising control over the car, without the consent of its owner. This is all that is required under the Texas Penal Code, and it was followed in the appellant's indictment and jury charge. The code reads:

(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

(b) Appropriation of property is unlawful if: (1) it is without the owner's effective consent; (2) the property is stolen and the actor appropriates the property knowing it was stolen.

TEX.PENAL CODE ANN. § 31.03 (Vernon 1989).

The code defines "appropriate" as to acquire or otherwise exercise control over property other than real property. TEX.PENAL CODE ANN. § 31.01(5)(B) (Vernon 1989).

We hold there is sufficient evidence to show the appellant knew the car was stolen. The State met its burden by showing the appellant exercised control over the car by possessing it without the owner's consent. We overrule point of error one.

## Value of the car

In point of error two, the appellant contends the evidence is insufficient to sustain a

verdict of guilt of theft by receiving because there is insufficient evidence of the fair market value of the vehicle.

The appellant argues that the only evidence in the record about the value of the car was the $1500 the owner had paid for it several weeks before the theft. Because the car was 10 years old, the appellant contends the State cannot use the purchase price as the value of the car. The State contends the appellant did not rebut its evidence of the value of the car, and case law establishes that the owner can testify to what he paid for the property.

■ We agree with the State. The owner of property unlawfully taken from him may testify about the value of the property even though he is not qualified to testify as an expert on fair market value of the property. *Johnson v. State*, 676 S.W.2d 416, 418 (Tex.Crim.App.1984); *see Sanders v. State*, 814 S.W.2d 784, 786–87 (Tex.App.—Houston [1st Dist.] 1991, no pet.). Where the owner of property testifies that a short time before the theft he paid a certain sum of money for the property, this is sufficient to make a prima facie case of the fair market value of the item unlawfully taken. *Johnson*, 676 S.W.2d at 418. In this case, the State made its prima facie showing by offering the testimony of the owner that he paid $1500 for the car. We hold the evidence is sufficient to sustain the jury verdict that the value of the car was between $750 and $20,000.

We overrule point of error two.

### Car was same one reported stolen

In point of error three, the appellant contends the evidence is insufficient to sustain a verdict of guilt of theft by receiving because the evidence fails to demonstrate that the vehicle stolen from the complainant was the same vehicle in which the appellant was found sleeping.

The appellant argues there is no testimony in the record on the vehicle identification number of the complainant's car, or a showing that the vehicle identification number of the car in which he was found matched that of the complainant's. He argues there is no evidence to connect him to the vehicle stolen from the complainant.

■ The appellant was arrested in a 1983 Oldsmobile Cutlass, and inside was a kit containing barber's tools. Officer Morris testified that he ran a check on the vehicle identification number of the car in which the appellant was found and it came back as a stolen vehicle from "this location on 21st Street." The complainant, Joe Valdez, testified he was a student teacher at the Wilford Beauty Academy, located on 18th Street, and his car, a 1983 Oldsmobile Cutlass, had been stolen while he was at work, and that he had left his barber's tools inside. He said the police department told him two days after his car was stolen that they had found it. He identified the car when he retrieved it. The evidence linking the car in which the appellant was found to that stolen from the complainant is: the car models are the same; the complainant's barber kit was found in the car with the appellant, and the complainant said he left the barber kit in the car; the complainant identified the car in which the appellant was found as his car; the officer indicated that the vehicle identification number was the same as one stolen from 21st Street, and the police department called the complainant and told him his car was stolen. *Cf. Trevino v. State*, 761 S.W.2d 562, 571 (Tex.App.—San Antonio 1988, pet. ref'd) (jewelry taken in burglary was matched to burglary reports and court held a sufficient link existed when victims were called in and identified their property).

A rational trier of fact could have found beyond a reasonable doubt that the car in which the appellant was found was the same one stolen from Valdez. We overrule point of error three.

### Extraneous offenses

In point of error four, the appellant contends the prosecutor caused error by presenting extraneous offenses to the jury after

having told the trial court that he did not intend to do so during pretrial motions.

The appellant argues that during cross-examination of a defense witness, the State, over objection, asked questions regarding the appellant's treatment for heroin addiction. The appellant's objection at trial was to the relevancy of the questions. The appellant's argument here is that at pretrial the prosecutor said he would not mention the extraneous offenses, but then he did.

■ On appeal, a defendant must make the same objection he made at trial, or waive the error. *Crocker v. State,* 573 S.W.2d 190, 205 (Tex.Crim.App. [Panel Op.] 1978); *Weaver v. State,* 722 S.W.2d 143, 146 (Tex.App.—Houston [1st Dist.] 1986, no pet.). The appellant's trial objection was not the same as that complained of on appeal, and it was waived. We overrule point of error four.

### Counsel failed to object to extraneous offenses

In points of error, five, six, and seven, the appellant argues he received ineffective assistance of trial counsel because counsel failed to properly object to the prosecutor's presentation of extraneous offenses he claimed he did not have during the pretrial hearing; did not cross-examine the car owner about what was found in the trunk even though it was highly prejudicial; and did not object to the prosecutor's final argument, which discussed punishment for heroin abuse and the car owner's testimony regarding the contents of the car.

■ In evaluating ineffective assistance of counsel, we follow the test set out in *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984); *Ingham v. State,* 679 S.W.2d 503, 508–509 (Tex. Crim.App.1984); *Schaired v. State,* 786 S.W.2d 497, 499 (Tex.App.—Houston [1st Dist.] 1990, no pet.). *Strickland's* two-part test requires the appellant (1) to show that counsel's performance was so deficient that counsel was not functioning as the counsel guaranteed by the sixth amendment; and (2)

there is a reasonable probability that but for the deficient performance, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

■ Here, the appellant complains in three points of error about counsel's failure to object and cross-examine in regard to an unadjudicated, extraneous offense—the use of heroin, and testimony and argument regarding dirty syringes and hubcaps found in the car. As the appellant's use of heroin and the finding of syringes and hubcaps is irrelevant to his conviction of receiving stolen property, we hold the appellant does not show that but for counsel's performance, the result of the proceeding would have been different. While it may have been error, the evidence still shows the appellant was in possession of stolen property, and there is not a reasonable probability that the exclusion of this evidence would have caused a different result. *Gonzales v. State,* 732 S.W.2d 67, 68 (Tex.App.—Houston [1st Dist.] 1987, no pet.); *cf. Ingham,* 679 S.W.2d at 508–509 (failure to object to extraneous offense was not ineffective).

■ The failure to cross-examine with regard to the finding of hubcaps and syringes in the trunk was plausible trial strategy—trial counsel did not want any more testimony on this issue. Any error in trial strategy will be deemed inadequate representation only if counsel's actions are without any plausible basis. *Ex parte Burns,* 601 S.W.2d 370, 372 (Tex.Crim.App.1980); *Schaired,* 786 S.W.2d at 499.

We overrule points of error, five, six, and seven.

### Appellant's testimony regarding the enhancement paragraph

In point of error eight, the appellant contends the trial court erred in requiring the appellant to testify at the punishment hearing in order to clarify the validity of an enhancement paragraph. The appellant pled not true to an October 28, 1983, theft by receiving conviction because he was going to

file a writ of habeas corpus, and true to a March 4, 1991, auto theft conviction.

The State argues the appellant waived his privilege against self-incrimination when he made a spontaneous statement during the punishment hearing before the judge. The State contends the Court then did not err when it allowed the appellant to be called as a witness so the State could prove up the enhancement paragraph.

The appellant contends he made a spontaneous statement to the court, was not sworn in, and, therefore, was not testifying and did not waive his privilege against self-incrimination. The privilege was then asserted when the State said it would like to question the defendant because he had testified.

The State told the court it could not prove up the enhancement paragraph unless the witness testified. The record is as follows:

State: I will have to get a print man unless he's willing to testify.

The Court: Well, since he pled not true to it, I will make a finding of not true on that one and move on. We need to go further. All Right. Okay. Anything else you want to tell me, sir?

Defense Counsel: Nothing. Your honor. Mr. Anderson—

Appellant: I just want to say that at the time all this happened I was a real bad—I was in real bad shape and since I been here, I've done a lot of soul-searching and found out that, you know, there's a lot more to life than the way I was living and I was just glad I still got family behind me that cares about me and I'm looking forward to the time I can be with them again.

The Court: Okay. Mr. Dobson, anything you want to tell the Court?

State: Judge, are you going to reconsider your finding if I can ask him a couple of questions and get the penitentiary packet in?

The Court: I can see, but the print man, I ain't got time to wait on a print man, that's what I'm saying.

State: Since he testified, we have some questions—

Defense Counsel: Your honor, we have to—I do believe the reason that he testified is because he thought that we closed and we were responding to your questions. We do not wish—the defendant does not wish to be examined, therefore, the State does not have a right to cross-examination.

State: Well, Judge, that's not true.

The Court: Go ahead and ask the questions.

The appellant was then sworn in and testified that he was James Mathis Anderson, a white male, and identified his signature on a State's exhibit, which is not in the record. Anderson's father was then sworn in and testified that he thought his son's place of birth was Gregg County, Texas. The Court then found enhancement paragraph two to be true and sentenced the appellant. Defense counsel did not object or assert the privilege again.

We are asked to decide if the appellant's privilege against self-incrimination was violated, and whether defense counsel properly preserved error for our review. We hold that the privilege was violated, and it was properly preserved.

■■■ The appellant was not under oath when he made his spontaneous statement, and as such was not waiving the privilege. A defendant who voluntarily takes the witness stand during trial is on the stand for all purposes and may be questioned about the facts of the case and made to give evidence against himself. *Hernandez v. State*, 506 S.W.2d 884, 886 (Tex.Crim.App.1974). Here, however, the appellant did not take the witness stand, but merely made a spontaneous statement when not under oath—he was not testifying. He did not waive his privilege against self-incrimination by making his statement.

The defense attorney invoked the privilege when it became clear that the judge was going to require his client to be sworn in and

to testify. He did so clearly and specifically. He followed the requirements of TEX. R.APP.P. 52(a) by asserting the privilege. The trial judge effectively overruled it, and compelled the appellant to testify. The trial judge erred in compelling the appellant to testify even though he had invoked the privilege against self-incrimination. We sustain point of error number eight, reverse that portion of the judgment imposing sentence, and remand the cause to the trial court for a new punishment hearing.