George Gonzalez Martinez v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-027-CR
No. 10-00-028-CR

     GEORGE GONZALEZ MARTINEZ,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 292nd District Court
Dallas County, Texas
Trial Court Nos. F97-47538QV and F97-47679-QV
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      In No. 10-00-027-CR, Appellant Martinez appeals his conviction for attempted capital
murder, for which he was sentenced to 35 years in the Texas Department of Criminal Justice -
Institutional Division (TDCJ-ID).
      In No. 10-00-028-CR, Appellant Martinez appeals his conviction for capital murder, for
which he was sentenced to life in the TDCJ-ID.
      The two cases were tried together. There is one reporter’s record and the briefs are
identical.
      Mauricio Delagarza and David Segundo Eduardo came to Dallas from Minnesota with
appellant’s cousin Jose Santos to buy drugs. Mauricio and David had $13,000 in cash and
were relying on Jose to set up the buy. Instead of arranging to buy, Jose, his brother Ulises,
and appellant, discussed, planned and robbed Mauricio and David. Mauricio was shot and
killed, and David was shot and severely injured during the robbery.
      Before the shootings, appellant, Jose, and Ulises borrowed a .380 pistol and asked a friend
Joey Bocanegra, to help them steal and drive a getaway car.
      On February 24, 1997, the four drove to the Marriott’s Residence Inn Hotel where
Mauricio and David were staying. Appellant, Jose and Ulises entered the hotel room of
Mauricio and David. Appellant was armed with the loaded .380 pistol. Appellant and Jose
went to the bedroom where David was asleep, and Ulises struggled with Mauricio. David
awakened to a blow on his head and a gunshot in his side. David testified appellant was
standing over him holding a gun and demanding the money. Appellant then filled a suitcase
with the money and left the hotel room with Jose and Ulises. Appellant, Jose and Ulises paid
Joey for driving the car, returned the pistol to its owner and divided up the remainder of the
money.
      David was able to call for help. David and Mauricio were taken to the hospital where
Mauricio later died.
      Appellant was indicted for the attempted capital murder of David and for capital murder of
Mauricio. The two cases were tried together. A jury found appellant guilty in both cases. 
Appellant elected to have the court assess punishment. The court assessed and sentenced
appellant to 35 years in the attempted capital murder case and “Life” in the capital murder
case.
      Appellant appeals on four issues contending that the evidence is legally and factually
insufficient to support his conviction for attempted capital murder, and legally and factually
insufficient to support his conviction for capital murder.
      When reviewing the legal sufficiency of the evidence, we examine all the evidence to
determine if any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 413 U.S. 307, 319 (1979). In making this
examination, we view the evidence in the light most favorable to the verdict. Santellan v.
State, 939 S.W.2d 155, 160 (Tex. Crim. App. 1997). If there is any evidence that establishes
guilt beyond a reasonable doubt the conviction is not subject to reversal. Anderson v. State,
871 S.W.2d 900, 902 (Tex. App.—Houston [1st Dist.] 1998, no pet.).
      When reviewing a claim of factual insufficiency of the evidence, we view all the evidence
without the prism “in the light most favorable to the prosecution.” Clewis v. State, 922
S.W.2d 126, 131 (Tex. Crim. App. 1996). We set aside the verdict only if it is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust. Jones v. State,
944 S.W.2d 642, 647 (Tex. Crim. App. 1996); Santellan, Id., p. 164.
      A jury verdict is not manifestly unjust merely because the jury resolved conflicting views
of the evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 409 (Tex. Crim. App.
1997).
      A person is guilty of capital murder or attempted capital murder if he murders or attempts
to murder someone in the course of committing or attempting to commit robbery. Tex. Pen.
Code § 19.03(a)(2). A person is criminally responsible for an offense committed by the
conduct of another if, acting with intent to promote or assist the commission of the offense, he
cohorts, encourages, directs, aids or attempts to aid the other person in committing the offense. 
Tex. Pen. Code § 7.02(a)(2). A person is responsible for any offense committed by a party-conspirator, if the offense was committed in furtherance of the conspiracy and the resulting
offense should have been anticipated as a result of carrying out the conspiracy. Tex. Pen.
Code § 7.02(b). Each party-conspirator is guilty of the resulting offense, even if he did not
intend to commit it or intend that it be committed. Wood v. State, 4 S.W.2d 85, 89 (Tex.
App.—Fort Worth 1999, pet. ref’d); Fuller v. State, 827 S.W.2d 919, 932 (Tex. Crim. App.
1992) cert. denied, 509 U.S. 922. Thus, the State did not have to prove that appellant
intended to shoot or kill the victims, or intended that the victims be shot, as long as the
evidence established he conspired to commit the robbery and that he “should have” anticipated
the murder or attempted murder as a result of carrying out the conspiracy to commit the
robbery. Id.
      The court’s charge as to each offense required the jury to find that the evidence proved
appellant’s guilt as a principal, as a party, or as a party-conspirator, beyond a reasonable
doubt, and if not, to acquit. The jury returned a general verdict of guilty as charged in the
indictment in each case. As such, if the evidence is sufficient to support any one of the three
theories, the conviction must be upheld. Rabbini v. State, 847 S.W.2d 555, 558 (Tex. Crim.
App. 1992), cert. denied, 509 U.S. 926 (1993).
      It is uncontested that appellant, Jose and Ulises planned to and robbed Mauricio and
David. It is uncontested that they used a .380 pistol during the robbery, and that David was
shot and Mauricio was shot and killed during the robbery.
      David testified that appellant shot him. Although there was conflicting evidence as to who
shot David, the jury was entitled to resolve such conflict in favor of the State. Fuentes v.
State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The evidence is legally and factually
sufficient to support appellant’s conviction for attempted capital murder as a principal, i.e., the
shooter of David.
      The evidence likewise supports appellant’s conviction for the capital murder of Mauricio,
and the attempted capital murder of David under the law of parties. The conspiracy, the
robbery, and appellant’s role as a party to the robbery was uncontested. Appellant’s
confession admitted to all of the foregoing, but asserts he did not shoot anybody himself and
did not know that Jose was going to shoot anyone. He asserts they were just going to scam the
money. Appellant also contends the evidence is insufficient to prove “he should have
anticipated” that Jose would shoot Mauricio and David in furtherance of the conspiracy. The
gun was specifically acquired for the purpose of committing the robbery and taken to the scene
of the robbery. This was sufficient evidence for the jury to find that appellant “should have
anticipated” that a person or persons would be shot during the course of the robbery. Queen v.
State, 940 S.W.2d 781, 788 (Tex. App.—Austin 1997, pet. ref’d); Ruiz v. State, 579 S.W.2d
206, 210 (Tex. Crim. App. 1979).
      The evidence is both legally and factually sufficient to support the convictions in both
cases under the party-conspirator liability theory.
      All of appellant’s issues and the contentions made thereunder are overruled.
      The judgments are affirmed in both cases.


                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Gray, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed December 27, 2000
Do not publish