Opinion issued April 1, 2004


















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00363-CR
____________
 
KEVIN RAY HIGHTOWER, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 272nd District Court
Brazos County, Texas
Trial Court Cause No. 28842-272
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Kevin Ray Hightower, guilty of the felony offense of
aggregated theft


 of property with a value of $20,000 or more but less than $100,000,
and the trial court assessed his punishment at confinement for 10 years. The trial
court suspended the sentence, placed appellant on community supervision for 10
years, and ordered him to make restitution in the amount of $127,000.


 In four points
of error, appellant contends that the evidence was legally and factually insufficient
to support his conviction. We affirm.
Facts
          Texas Department of Public Safety Sergeant C. Ashley testified that his duties
involved inspecting licensed automobile salvage yards by comparing a yard’s records
against its inventory. When he went, on October 4, 2000, to investigate appellant’s
business, Hightower Auto Salvage, located on Wixon Road in Bryan, appellant was
not on the premises. However, Sergeant Ashley spoke with appellant’s father, Bill
Hightower, who told Ashley that he worked for appellant. Ashley then informed
appellant’s father that he was there to conduct an inventory of the premises and he
asked for the yard’s business records. After appellant’s father told Ashley that the
records were in appellant’s possession, Ashley then conducted an inventory of the
premises.
          After Sergeant Ashley completed the inventory, appellant’s father told Ashley
that some of Hightower Auto Salvage’s vehicles were stored at property he owned on
Kurten Cemetery Road. Ashley told appellant’s father that Ashley needed to inspect
the vehicles at this other property. After they arrived at the location, appellant’s
father told Ashley that, although he owned some of the older model vehicles on the
property, appellant owned most of the newer models. Appellant’s father did not tell
Ashley that anyone else owned vehicles located on the property.
          When Sergeant Ashley inspected the premises, he found component parts from
five stolen pickup trucks and Sports Utility Vehicles (SUVs) that were in various
stages of being disassembled. Specifically, Ashley found (1) a frame from a 1995
Chevrolet pickup truck, which had been stolen in May 1998; (2) a cab, frame, bed,
and two doors from a 1997 Chevrolet pickup truck, which had been stolen in April
1997; (3) a cab, frame, bed, and four tires from a second 1997 Chevrolet pickup truck,
which had been stolen in January 1998; (4) a frame, tires, wheels, an engine, a
transmission, a drive train, and a dashboard from a 1999 GMC Yukon, which had
been stolen in November 1999; and (5) a 1999 Chevrolet Suburban in the early stages
of disassembly, which had also been stolen in November 1999.
          After discovering the stolen pickup trucks and SUVs, Sergeant Ashley asked
appellant’s father how these items came to be located on the property. Appellant’s
father responded that he had purchased the frame from the 1995 Chevrolet pickup
truck from Highway 6 Auto Salvage, an automobile salvage dealer. He also stated
that he had purchased the frame from one of the 1997 Chevrolet pickup trucks from
Gordon’s Truck Salvage, another automobile salvage dealer. Appellant’s father then
stated that he had permitted “Jesse Grimaldo,” a man he had met at an automobile
auction in Houston, to store the 1999 GMC Yukon, the 1999 Chevrolet Suburban,
and the frame from one of the 1997 Chevrolet pickup trucks on the property. Ashley
was unable to locate Jesse Grimaldo.
          In Sergeant Ashley’s opinion, the pickup trucks and SUVs had not been
purchased for salvage. Ashley testified that, typically, salvaged automobiles are
either wrecked, burned, or damaged in some way. Here, Ashley saw that the trucks
and SUVs were not damaged. Moreover, in Ashley’s opinion, the pickup trucks and
SUVs were being disassembled so that their parts could be installed in other trucks
and SUVs, which would then be sold to the public.
          The following day, Sergeant Ashley returned to appellant’s business on Wixon
Road and met with appellant and asked for his business records. Although appellant
gave Ashley a stack of certificates of title, the stack did not contain certificates of title
for any of the five stolen pickup trucks and SUVs. Ashley then asked appellant to
produce his salvage inventory log so that Ashley could determine from whom
appellant had purchased the component parts. Even though appellant was required
by law to keep such a log, he told Ashley that he did not have one. Appellant then
told Ashley that he, rather than his father, had purchased the frame of the 1995
Chevrolet pickup truck from Highway 6 Auto Salvage.
          Bill Knight, the owner of Highway 6 Auto Salvage, testified that he had never
sold parts from the stolen 1995 Chevrolet pickup truck to appellant or appellant’s
father. Also, Charles Glass, the manager of Gordon’s Truck Salvage, testified that,
contrary to appellant’s father’s assertion, his business had never possessed any parts
from one of the stolen 1997 Chevrolet pickup trucks.
          The owners of the stolen pickup trucks and SUV’s gave their opinions as to the
fair market value of their vehicles. Brent Young testified that his 1995 Chevrolet
pickup truck had a value of approximately $15,000 when it was stolen in May 1998. 
Bohn Hilliard testified that his 1997 Chevrolet pickup truck had a value of
approximately $23,000 when it was stolen in April 1997. Sean Perkins testified that
his 1997 Chevrolet pickup truck had a value of approximately $19,000 when it was
stolen in January 1998. Dave Ward, an automobile dealer, testified that his 1999
GMC Yukon had a value of $33,000 and his 1999 Chevrolet Suburban had a value
of $37,000 when both were stolen in November 1999. Ward further testified that,
taking into account normal depreciation, on October 4, 2000, his Yukon would have
had a value of $28,000 and his Suburban would have had a value of $32,000.
          Appellant’s father testified that, in June or July of 1999, Jesse Grimaldo
brought the 1999 GMC Yukon, the 1999 Chevrolet Suburban, and the frame from one
of the 1997 Chevrolet pickup trucks onto his property. He further testified that he did
not tell Sergeant Ashley that he had purchased the frames from the 1995 Chevrolet
pickup truck and from the second 1997 Chevrolet pickup truck and that he did not
know how these frames came to be located on his property.
Sufficiency of the Evidence
          In his first, second, third, and fourth points of error, appellant argues that the
evidence was legally and factually insufficient to support his conviction because the
State failed to prove that (1) he appropriated five “whole” or “complete” stolen
automobiles with (2) a value of $20,000 or more.
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine if any rational fact finder could have
found the essential elements of the offense beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Although our analysis considers all
evidence presented at trial, we may not re-weigh the evidence and substitute our
judgment for that of the fact finder. Id.
          We review the factual sufficiency of the evidence by examining all of the
evidence neutrally and asking whether the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak as to undermine confidence
in the jury’s determination, or whether the proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000).
          A person commits the offense of theft if he unlawfully appropriates property
with intent to deprive the owner of the property. Tex. Pen. Code Ann. § 31.03(a)
(Vernon Supp. 2004). Appropriation of property is unlawful if the property is stolen
and the actor appropriates the property knowing that it was stolen by another. Id. §
31.03(b)(2) (Vernon Supp. 2004). When property is obtained pursuant to one scheme
or a continuing course of conduct, whether from the same or several sources, the
conduct may be considered as one theft, and the value amounts aggregated in
determining the grade of the offense. Id. § 31.09 (Vernon 2003).
Evidence of Appropriation
          In regard to his legal sufficiency challenge on the element of appropriation,
appellant argues that, although the State proved that he possessed parts from the
stolen pickup trucks and SUVs, it failed to prove, as required by the indictment, that
he ever appropriated a “whole” or “complete” 1999 Chevrolet Suburban, 1999 GMC
Yukon, 1995 Chevrolet pickup truck, and two “whole” or “complete” 1997 Chevrolet
pickup trucks.
          However, Sergeant Ashley testified that he saw that the stolen pickup trucks
and SUVs were in various stages of being disassembled. In Ashley’s opinion,
appellant ran a “chop shop,” and the pickup trucks and SUVs were being
disassembled so that their parts could be installed in other trucks and SUVs, which
would then be sold to the public. Appellant’s father also told Ashley that appellant
owned most of the newer model vehicles located on the Kurten Cemetery Road
property. Furthermore, appellant did not have certificates of title for any of the
pickup trucks and SUVs, and he told Ashley that he did not have a salvage inventory
log listing the persons from whom he had purchased component parts.
          Considering this evidence, a rational fact finder could have found, beyond a
reasonable doubt, that appellant had appropriated, as alleged in the indictment, the
stolen pickup trucks and SUVs and, in October 2000, was in the process of
disassembling them and placing their parts in other pickup trucks and SUVs. 
Accordingly, we hold that the evidence was legally sufficient to support the jury’s
finding that appellant unlawfully appropriated, as alleged in the indictment, five
stolen pickup trucks and SUVs.
          In regard to his factual sufficiency challenge on the element of appropriation,
appellant merely reiterates the same arguments advanced under his legal sufficiency
challenge. However, as the exclusive judge of the facts, the credibility of the
witnesses, and the weight to be given their testimony, the jury was free to believe or
disbelieve all or any part of Sergeant Ashley’s testimony. McKinny v. State, 76
S.W.3d 463, 468-69 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Our review of
the record reveals that no other evidence outweighed Ashley’s testimony or otherwise
demonstrated that the proof of guilt was so obviously weak as to undermine
confidence in the jury’s determination. Accordingly, we hold that the evidence was
factually sufficient to support the jury’s finding that appellant unlawfully
appropriated, as alleged in the indictment, five stolen pickup trucks and SUVs.
Evidence of Value
          In regard to his legal sufficiency challenge on the element of value, appellant
asserts that the State failed to prove that he appropriated property with a value of
$20,000 or more because none of the owners of the stolen pickup trucks and SUVs
could testify as to the “fair market value” of their vehicles on October 4, 2000.
          An owner of property unlawfully taken from him may testify about his opinion
of the value of the property even though he may not be qualified to testify as an
expert on the fair market value of the property. Anderson v. State, 871 S.W.2d 900,
903 (Tex. App.—Houston [1st Dist.] 1994, no pet.). Fair market value of property
is determined at the time and place of the theft. Tex. Pen. Code Ann. § 31.08(a)(1)
(Vernon 2003).
          Here, Dave Ward, an automobile dealer, testified that, taking into account
normal depreciation, on October 4, 2000, his 1999 GMC Yukon would have had a
value of $28,000 and his 1999 Chevrolet Suburban would have had a value of
$32,000. Considering this evidence, a rational fact finder could have found, beyond
a reasonable doubt, that appellant had appropriated property that had an aggregated
value of $20,000 or more on October 4, 2000, and we hold that the evidence was
legally sufficient to support such a finding.
          In regard to his factual sufficiency challenge on the element of value, appellant
again merely reiterates the same arguments advanced under his legal sufficiency
challenge. However, the jury was free to believe or disbelieve all or any part of Dave
Ward’s testimony concerning the values of his Yukon and Suburban. McKinny, 76
S.W.3d 468-69. Our review of the record reveals that no other evidence outweighed
Ward’s testimony or otherwise demonstrated that the proof of guilt was so obviously
weak as to undermine confidence in the jury’s determination. Accordingly, we hold
that the evidence was factually sufficient to support a finding that appellant
appropriated property that had an aggregated value of $20,000 or more on October
4, 2000.
          We overrule appellant’s first, second, third, and fourth points of error.Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Keyes.

Do not publish. Tex. R. App. P. 47.2(b).