Roy Wayne CRINER, Appellant,

v.

The STATE of Texas, Appellee.

No. 1212–91.

Court of Criminal Appeals of Texas, En Banc.

Dec. 16, 1992.

Motion for Rehearing on Petition for Discretionary Review Denied June 9, 1993.

Opinion by Judge Clinton Dissenting to Denial of Motion for Rehearing June 9, 1993.

Ray Bass, Austin, for appellant.

Peter C. Speers, III, Dist. Atty., and Kathleen A. Hamilton, Asst. Dist. Atty., Conroe, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant pled not guilty to the offense of aggravated sexual assault. On May 1, 1990, a jury convicted him of that offense. The jury then set appellant's punishment at ninety-nine years confinement in the Texas Department of Criminal Justice, Institutional Division, and a $10,000 fine. On direct appeal, the Court of Appeals reversed appellant's conviction and ordered that appellant be acquitted. *Criner v. State*, 816 S.W.2d 137 (Tex.App.—Beaumont, 1991). This Court granted the State's petition on three grounds for review, which all essentially allege the Court of Appeals' majority opinion erred when it found that the evidence at trial was insufficient to prove the aggravating element of the instant offense.[1]

The Court of Appeals held the evidence was insufficient to sustain appellant's conviction. Because the instant prosecution used circumstantial evidence to prove the aggravating element of the instant offense, the Court of Appeals relied upon the principle that the State must present evidence which excluded every other reasonable hypothesis except that of appellant's guilt. *Criner v. State*, 816 S.W.2d, at 140.

The Court of Appeals then focused their analysis on whether they could find "any evidence that appellant caused serious bodily injury to Deanna Ogg "by striking the said Deanna Ogg in the head with a blunt instrument . . .," as charged in the indictment." They reviewed the fact that appellant's extrajudicial statements contained no language "even reasonably related to appellant having struck or beaten 'the girl' that he picked up hitchhiking, in the head or anywhere else on

---

1. *Ground for Review Number One:* "Where the Appellant admits to others every element of the offense of Aggravated Sexual Assault except that he caused serious bodily injury to the victim by striking her in the head with a blunt instrument, "the nature of which is unknown to the Grand Jury," is a rational juror allowed to reasonably, logically, and legally infer, from the evidence, the manner and means in which the Appellant caused the serious bodily injury to the victim?"

*Ground for Review Number Two:* "Has the Court of Appeals substituted its judgment for that of the jury in disregarding some of the evidence presented in the case, re-weighing the remaining evidence, and reversing based on its individual belief that there was not sufficient evidence to prove an element of the offense?"

*Ground for Review Number Three:* "Where there is no evidence of any hypothesis except the Appellant's guilt, is the State required to present evidence excluding every imaginable hypothesis?"

her body." They also pointed out that neither the medical examiner nor any other witness testified "as to how the victim could have sustained such an injury, or, more importantly, how the appellant caused or could have caused the head injury to the victim." *Criner v. State*, 816 S.W.2d, at 143.

On the basis of these observations of the record, the Court of Appeals concluded, "there was no evidence for a rational trier of fact to latch onto in order to find that the aggravating element of the offense had indeed been proven beyond a reasonable doubt." *Criner v. State*, 816 S.W.2d, at 143.

This decision by the panel of the Court of Appeals to acquit appellant was not unanimous.

In his dissent,[2] Justice Brookshire attacked the majority's decision because it disposed of this appeal on the sole basis of appellant's second point of error. The dissent argued that this "lethally defective, inadequate" point was "clearly erroneous," because it "grossly misstates the law as well as the standard of appellate review." *Criner v. State*, dissenting opinion, at 153.

The dissent assailed the majority's application of the "reasonable-hypothesis-of-innocence analytical construct,"[3] in support of its holding on the second point of error. The dissent believed that the majority's hypothesis that this offense was committed by someone other than appellant was "out of harmony with the evidence" at trial. *Criner v. State, id.* Justice Brookshire maintained, in light of all the surrounding facts and circumstances proven in the record, no outstanding "reasonable hypothesis exits before us." The dissent stated that the record fails to demonstrate the hypothesis that a third person could have committed the offense. *Criner v. State, id.* The dissent contended that the "reasonable-hypothesis-of-innocence analytical construct" could not support the majority's conclusion that the evidence at trial was

insufficient to support the aggravating element of the instant offense.

After his own review of the record, the dissent explained that "a rational trier of fact could have found beyond a reasonable doubt (as did the trial jury) that the appellant, from both the direct evidence, the exhibits, and the circumstantial evidence, inflicted serious bodily injury on Deanna, the 16 year-old dead girl." *Criner v. State*, dissenting opinion at 152. Justice Brookshire concluded that "this record and the evidence contained therein meets all the requisite criteria for sustaining the verdict of guilt of this accused." *Criner v. State*, 816 S.W.2d, at 154.

■ We agree with the dissent that the majority erred in the method by which it applied the law to the facts in the instant case. We find that even though the majority opinion of the Court of Appeals cited the "outstanding-reasonable-hypothesis-of-innocence analytical construct", they never presented an alternative hypothesis in their opinion. This was the error in the reasoning of the majority opinion: that they failed to explain how the record raised the issue of the existence of an outstanding reasonable hypothesis to support an inference other than the guilt of appellant. For an outstanding hypothesis to be reasonable, it must be supported by some credible evidence. *Nilsson v. State*, 477 S.W.2d 592, 597 (Tex.Cr.App. 1972). They never presented or discussed an outstanding reasonable hypothesis. *Carlsen v. State*, 654 S.W.2d 444, at 449–450 (Tex.Cr. App.1983).

■ The majority opinion also erred when, in the course of their analysis, they disregarded the circumstantial evidence in the record. A reviewing court should examine all of the evidence in the record in order to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*

---

2. Justice Brookshire has an extensive dissent at *Criner v. State*, 816 S.W.2d, at 144 (Tex.App.— Beaumont, 1991), setting out in detail the facts of this case. We agree with Justice Brookshire's assessment of the facts in the instant case.

3. In *Geesa v. State*, this Court decided that the "reasonable-hypothesis-of-innocence analytical

construct" was not valid "in light of this Court's earlier decision to abrogate the circumstantial evidence charge." *Geesa v. State*, 820 S.W.2d 154, at 155 (Tex.Cr.App.1991). This Court also noted in *Geesa*, that this decision applied only to cases tried after *Geesa*. *Geesa v. State*, 820 S.W.2d, at 163.

*v. Virginia,* 443 U.S. 307, at 319, 99 S.Ct. 2781, at 2789, 61 L.Ed.2d 560 (1979); and *Butler v. State,* 769 S.W.2d 234, at 238 (Tex. Cr.App.1989). The majority opinion merely states that the record before them contained no direct evidence to show how appellant inflicted serious bodily injury upon the victim. In doing so, they overlooked the circumstantial evidence which could lead a rational trier of fact to believe beyond a reasonable doubt that appellant struck the said Deanna Ogg in the head with an unknown blunt instrument, as alleged in the indictment, resulting in her serious bodily injury and, ultimately, her death. We are in agreement with Justice Brookshire's analysis of the record and conclusion at law: that a rational trier of fact could find, based upon this evidence, that appellant caused the victim's serious bodily injuries.

We sustain the State's three grounds for review, and reverse the judgment of the Court of Appeals. We remand this cause to the Court of Appeals for disposition of the point of error not dealt with on original submission.

CLINTON, J., dissents.

## ON MOTION FOR REHEARING ON PETITION FOR DISCRETIONARY REVIEW

Appellant's motion for rehearing on petition for discretionary review denied June 9, 1993.

## OPINION DISSENTING TO DENIAL OF APPELLANT'S MOTION FOR REHEARING ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

The indictment in this cause alleged that appellant caused serious bodily injury "by striking" his victim "in the head with a blunt instrument the nature of which is unknown to the Grand Jury." The jury charge tracked the indictment in this respect. In his argument in the court of appeals that the evidence was insufficient to support the jury's verdict, appellant urged, *inter alia,* that although there was evidence the victim suffered blunt trauma injury to the head, there is no indication in the record that the injury was caused when the victim was *struck* in the head with a blunt *instrument*— never mind by whom—as alleged in the indictment. Although it could be clearer, the majority opinion in the court of appeals held that it is in this respect that the evidence is insufficient. See *Criner v. State,* 816 S.W.2d 137, at 143 (Tex.App.—Beaumont 1991).

On original submission on State's petition for discretionary review, this Court reversed, holding that the court of appeals misconceived the correct legal test for gauging sufficiency of the evidence. In conducting its "outstanding-reasonable-hypothesis" analysis, contended the majority, the court of appeals failed to require that there be some evidence to support the alternative hypothesis. The court of appeals "merely argued, somewhat unpersuasively, that the record before them contained no direct evidence to show how appellant inflicted serious bodily injury upon the victim." Majority op. at 87. But this Court on original submission conducted no independent analysis to demonstrate that the evidence is not insufficient to show the particular manner and means of inflicting serious bodily injury alleged in the indictment—which is, after all, what appellant contended, and the court of appeals held below. Instead, the Court was content to endorse the frantic dissenting opinion of Justice Brookshire, an opinion that, for all of its ten pages in the Southwestern Reporter, still manages to ignore the actual basis for the majority's decision in the court of appeals. *Criner v. State,* supra, at 144–154 (Brookshire, J., dissenting).*

* The gist of Justice Brookshire's dissent is that the evidence is sufficient to support a jury conclusion that it was appellant who somehow caused the blunt trauma injury to the victim's head. This Court believes the evidence supports no other inference, and I agree. See text, *post.* But this observation is ultimately unresponsive to the court of appeals' holding that the evidence fails to show the specifically alleged manner and means by which that injury was inflicted. Neither Justice Brookshire nor this Court has yet addressed the basis for decision in the court of appeals.

In his motion for rehearing appellant now "challenges" this Court to canvass the record for any evidence that would support a rational finding beyond a reasonable doubt that the victim was in fact struck with a blunt instrument. I have done so. Although the medical testimony indisputably shows the victim suffered blunt trauma injury to the head, I find no evidence, medical or circumstantial, to show how that injury came about. Specifically, there is nothing in the record to lead a factfinder to prefer the theory that the assailant struck the victim in the head with a blunt instrument, as opposed to, e.g., striking the victim's head against a hard object. The circumstantial evidence presented in this case provides as much basis to believe the latter theory as it does the former. See *Nelson v. State*, 848 S.W.2d 126, at 138–39 (Tex.Cr.App.1992) (Clinton, J., dissenting).

Therefore I cannot agree that the court of appeals majority in any way distorted the "reasonable alternative hypothesis" analysis to conclude the circumstantial evidence was insufficient. Judge White recently opined that "[i]n applying the 'reasonable alternative hypothesis' analysis, '[t]he correct procedure involves accepting the inculpatory circumstances ... and then asking if there is a reasonable hypothesis other than guilt which would also account for such circumstances.' *Girard v. State*, 631 S.W.2d 162, at 164 (Tex. Cr.App.1982)." *Gunter v. State*, 858 S.W.2d 430, 439 (Tex.Cr.App.1993) (rehearing denied May 12, 1993). In this case all of the circumstances taken together do not coalesce to exclude the hypothesis that the victim's head was struck *against* a hard *object*, as opposed to the hypothesis her head was struck *with* a blunt *instrument*. The evidence here lends precisely as much support to either theory. Stated another way, that the victim's head was struck *against* a hard *object* is just as much "supported by ... credible evidence" as the allegation that appellant struck her head *with* a blunt *instrument*. Majority op. at 86. "This is no more than to say that as to [the alleged manner and means of inflicting serious bodily injury], the State has failed to carry its burden of production." *Nelson v. State,* supra.

It might be argued that there is no semantic difference between an allegation that the victim's head was struck with a blunt instrument and proof that her head was struck against a hard object. Such an argument avoids the unpalatable remedy of acquittal. But it was neither broached by the State in its petition for discretionary review, nor does it form any part of this Court's analysis, such as it is, on original submission.

In the landmark decision in *Arcila v. State*, 834 S.W.2d 357 (Tex.Cr.App.1992), we opined:

> "Like this Court, the courts of appeals are duty-bound to uphold the constitution and laws of this State and of the United States. So long as it appears that they have discharged that duty conscientiously by impartial application of pertinent legal doctrine and fair consideration of the evidence, it is our duty in turn to respect their judgments. Our principal role as a court of last resort is the caretaker of Texas law, not the arbiter of individual applications."

*Id.,* at 360. Particularly in the last several years the Court has noticeably improved in practicing what *Arcila* preached. Nevertheless, there is one context in which the Court has lacked that laudable restraint. We seem to grant a disproportionately high number of State's petitions for discretionary review to review decisions of the courts of appeals holding the evidence to be legally insufficient, and for no other reason than that we disagree with the lower court's particular application of the law to the facts. For all the Court's gloss in its opinion on original submission, the instant cause is but an example. Given that in our discretionary review capacity our "principal role as a court of last resort is the caretaker of Texas law," one wonders why the court would go out of its way to rectify some flaw, real or invented, in the application of an "analytical construct" we have in any event jettisoned. *Geesa v. State,* 820 S.W.2d 154 (Tex.Cr.App.1991).

I dissent.