Roy Wayne CRINER, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–90–096 CR.

Court of Appeals of Texas, Beaumont.

Jan. 5, 1994.

Ray Bass, Austin, for appellant.

Daniel Rice, Dist. Atty., Kathleen Hamilton, Asst. Dist. Atty., Conroe, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION ON REMAND

WALKER, Chief Justice.

This is an appeal from a conviction for the felony offense of Aggravated Sexual Assault. A jury convicted appellant of said offense and assessed punishment at ninety-nine (99) years' confinement in the Texas Department of Criminal Justice, Institutional Division, as well as fined appellant $10,000. On original submission to this Court, we found the evidence insufficient to sustain the conviction and ordered appellant be acquitted. *Criner v. State,* 816 S.W.2d 137 (Tex. App.—Beaumont 1991). The Court of Criminal Appeals granted the State's petition for discretionary review, reversed the judgment of this Court, and reinstated appellant's conviction. *Criner v. State,* 860 S.W.2d 84 (Tex. Crim.App.1992). The gist of the Court of Criminal Appeals' holding was that, considering all of the direct *and circumstantial* evidence "in the record" in the light most favorable to the verdict, a rational trier of fact could have found all of the elements, including "that appellant caused the victim's serious bodily injuries," beyond a reasonable doubt. *Id.,* at 87. On remand, we must now address appellant's only other point of error, *viz:*

> Point of Error One: The evidence is insufficient to sustain appellant's conviction because it fails to establish the corpus delicti (sic) of the offense alleged in the indictment.

The corpus delicti of any crime simply consists of the fact that the crime in question has been committed by someone. *Fisher v. State,* 851 S.W.2d 298, 303 (Tex.

Crim.App.1993). While appellant is correct in his argument that extrajudicial admissions of an accused, standing alone, are insufficient to establish the corpus delicti, appellant is incorrect in contending that "[a]s to each element of the corpus delecti (sic) there must be independent evidence which alone is sufficient to establish the element, ..." The common law corpus delicti rule does not require that the independent evidence fully prove the corpus delicti, only that it *tend* to prove the corpus delicti. *Id.* at 302–303; *Self v. State,* 513 S.W.2d 832, 835–837 (Tex.Crim. App.1974).

Where there is an extrajudicial statement, as exists in the instant case, the corpus delicti rule requires us to consider all the record evidence, other than the appellant's extrajudicial statement, in the light most favorable to the verdict and to determine whether said evidence tends to establish that someone committed an aggravated sexual assault on the victim, Deanna Ogg. *See Fisher,* 851 S.W.2d at 303. Such evidence, however, need not be sufficient by itself to prove the offense of aggravated sexual assault. *See Honea v. State,* 585 S.W.2d 681 (Tex.Crim. App.1979). Indeed, the quantum of independent evidence necessary to corroborate the corpus delicti in a criminal prosecution relying on the extrajudicial statement of an accused need not be great. *Gribble v. State,* 808 S.W.2d 65, 71–72 (Tex.Crim.App.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2856, 115 L.Ed.2d 1023 (1991). So long as there is some evidence which renders the corpus delicti more probable than it would be without the evidence, the essential purposes of the rule have been served. *Id.* at 72.

For a discussion of the independent evidence contained in the record before us consult our original *Criner* opinions, both majority and dissent, as well as the *Criner* opinion of the Court of Criminal Appeals of December 16, 1992. Viewed in the light most favorable to the verdict, we find said independent evidence, both direct and circumstantial, establishes the "probable" scenario that the victim was penetrated by a male sexual organ both vaginally and anally without her

consent and that in the course of said sexual assault the victim sustained a blunt trauma to her head which resulted in her death. The independent evidence certainly "tends to prove" the corpus delicti in the instant case. Point of error one is overruled, and the judgment and sentence of the trial court are affirmed.

AFFIRMED.