Louis Edward Thomas, Jr. v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-167-CR

     LOUIS EDWARD THOMAS, JR.,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 262nd District Court
Harris County, Texas
Trial Court # 742,633
                                                                                                                

O P I N I O N
                                                                                                                

      Appellant Thomas appeals his conviction for aggravated robbery, for which he was sentenced
to 30 years in the Texas Department of Criminal Justice—Institutional Division.
      Three black males, wearing masks, caps, and gloves, and armed with guns, on September 27,
1996, at 9:00 a.m., robbed Cash America Pawn in Houston of money, jewelry, guns, a store
security videotape and checks, of the value of a quarter of a million dollars. The robbers broke
the display cases, emptied items from them into bags, and emptied the cash drawers. They made
the three employees present lie down on the floor; hit the manager in the head with a handgun;
and threatened to kill all three of them if they got up.
      Appellant Thomas was indicted for this aggravated robbery (enhanced by a prior felony
conviction), and at trial he was convicted by a jury. He elected to have the judge assess
punishment who, after the punishment hearing, assessed and sentenced Appellant to 30 years in
prison.
      Appellant appeals on four points of error.
      Point 1: "The trial court erred in overruling Appellant's challenge for cause of venire
member #39, Joseph Villareal, because of his inability to afford an accused his Fifth Amendment
protections.”
      During jury selection venire member #39 stated that if a defendant failed to testify he might
use this fact to "push him over" if the state had not quite proved its case beyond a reasonable
doubt.
      The defense challenged venire member #39 based on his response concerning a Fifth
Amendment right not to testify. The trial court denied the motion to challenge. Defense counsel
then informed the court he was forced to use a strike on #39 because the court denied his motion
to challenge, and that he would have used that strike on #44. Defense counsel did not ask the
court for another strike.
      To preserve error concerning the denial of a challenge for cause, the defendant must exhaust
all peremptory challenges, ask for more, be refused, and point out an objectionable juror who was
seated. Dowthitt v. State, 931 S.W.2d 244, 251 (Tex. Crim. App. 1996); Garcia v. State, 887
S.W.2d 846, 852, (Tex. Crim. App. 1994).
      Appellant has failed to preserve error.
      Point 1 is overruled.
      Point 2: "The trial court erred in overruling defense counsel's objection to the prosecutor's
non-relevant cross-examination of Appellant, and interjection of extremely damaging statements."
      Officer Sherrance testified that he was given the name of "T" as a suspect in this case by an
anonymous telephone caller, and from this call he developed the name of Terrance Mosely. He
also testified concerning the nickname "T-Moe." He further testified that Terrance Mosely was
captured a week later in the course of committing a robbery.
      Appellant testified and denied that he had committed the robbery. On cross-examination of
Appellant the prosecutor asked him if he knew "T-Moe" to which Appellant answered, "No." The
prosecutor then asked Appellant if he knew Terrance Roberts, to which Appellant answered,
"Yes." Defense counsel objected on the ground of relevance. The court then asked, "What's the
relevance of Terrance Roberts?”, to which the prosecutor replied, "T-Moe, Terrance Roberts and
Terrance Mosely are all the same people." The court stated, "Go ahead."
      Appellant's objection to whether he knew Terrance Roberts was based on relevance (Rules
401 and 402), but his complaint in this court is based on Rule 403, probative value outweighed
by unfair prejudice. And, as noted, Appellant did not object to the statement of the prosecutor that
T-Moe, Terrance Roberts and Terrance Mosely were all the same people.
      In order for an issue to be preserved on appeal, there must be a timely objection which
specifically states the legal basis for the objection. An objection stating one legal basis cannot be
used to support a different legal theory on appeal. Rezak v. State, 782 S.W.2d 869, 870 (Tex.
Crim. App. 1990); Zillender v. State, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977).
      Appellant has not preserved error.
      Point 2 is overruled.
      Point 3: "The evidence is legally insufficient to support a conviction for aggravated robbery."
      When reviewing the legal sufficiency of the evidence, we must examine all of evidence to
determine if any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Criner v. State, 860 S.W.2d
84, 86 (Tex. Crim. App. 1992). In making this examination we view the evidence in the light
most favorable to the verdict. Butler v. State, 769 S.W.2d 234, 239 (Tex. Crim. App. 1987). 
If there is any evidence that could establish guilt beyond a reasonable doubt, the conviction is not
subject to reversal. Anderson v. State, 871 S.W.2d 900, 902 (Tex. App.—Houston [1st Dist.]
1994, no pet.).
      At 9:00 a.m. on September 27, 1996, Gilbert Trinidad, manager of Cash America Pawn,
Oscar Salmeron, assistant manager, and Clerk Sherika White, were in the store. Three black
males with masks, caps and gloves entered the store and pointed guns at the employees, ordered
them to lie down on the floor, and proceeded to take cash, checks, jewelry, guns, and the store's
security video tape.
      Trinidad described the three robbers as: (1) the tallest over 6 feet; (2) a little bit shorter
weighing about 190 pounds, and (3) the shortest about five feet eight and thin. 
      Wendy Wilson, a DPS employee, who gave road tests to driver-license applicants, was
driving a block from the pawn shop about 9:00 a.m. on September 27, 1996, and observed a
BMW, a green Toyota, and a tan van parked with four black males in their early 20's nearby. She
passed by a second time and observed the Toyota but no men nearby. She drove by a third time
and observed the van parked in the middle of the street on the left side of the Toyota. She
observed one man in the driver's seat of the Toyota, one man going to the front passenger side,
and one man transferring big black garbage bags from the van into the Toyota. Wilson described
the man unloading the bags as a dark-skinned black male, early 20's, heavy set, 5'8" to 6'2". She
saw the man's face. He jumped into the driver's side rear seat of the Toyota as it started off.
      Wilson positively identified Appellant in court as the same person she observed loading bags
into the Toyota and positively identified Appellant in a photo spread as being the same person
loading the bags into the Toyota.
      Officer Cates responded to the robbery of the Cash American Pawn shop. He recovered a
fired bullet from inside a display case and a .380-Remington Peters fired cartridge from the floor. 
He testified the Remington Peters .380 cartridge case was fired from an automatic pistol.
      Officer Cates observed the tan van parked a block and a minute away from Cash America
Pawn. Inside the van he recovered a video tape, a loaded .380 Llama pistol with one unfired
cartridge in the chamber and five unfired cartridges in the clip, jewelry, and a ball cap. Officer
Cates testified the cartridge case recovered from the pawn shop could have been fired from the gun
found in the van. White cloth gloves were also recovered from the van. 
       Officer Sherrance testified he received an anonymous telephone call from an informant who
gave him three names of possible suspects, one of whom was Appellant.
      Immediately after the robbery, Wilson observed Appellant within one block and one minute
from the scene of the robbery transferring black plastic bags from the tan van to the Toyota. 
Appellant and his companions had been seen earlier that same morning near the Toyota and the
van. Wilson positively identified Appellant in court, as well as from a photo spread earlier as the
transferor of the bags from the van to the Toyota. Property stolen in the robbery was recovered
from inside of the van.
      After viewing the evidence in the light most favorable to the prosecution we hold that any
rational trier of fact could have found that Appellant committed the aggravated robbery beyond
a reasonable doubt.
      Point 3 is overruled.
      Point 4: "The evidence is factually insufficient to support a conviction for aggravated
robbery."
      In reviewing a factual insufficiency challenge, we view all the evidence without the prism of
"in the light most favorable to the prosecution." Clewis v. State, 933 S.W.2d 126, 139 (Tex.
Crim. App. 1996). Thus the reviewing court may consider the testimony of defense witnesses and
any alternative hypothesis raised by the evidence. Clewis at 135. However, even under a factual
sufficiency analysis the reviewing court is not authorized to substitute its judgment for that of the
factfinder. Clewis at 133. The reviewing court sets aside the verdict "only if it is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust." Clewis at 135; Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).
      Appellant testified and denied committing the aggravated robbery, but was unable to say
where he was at the time of the robbery. Wilson positively identified Appellant as the same
person she saw transferring bags from the van to the Toyota immediately after and one minute
from the scene of the robbery. The van contained property taken in the robbery.
      After viewing all of the evidence, we conclude that verdict of guilty is not so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust.
      Point 4 is overruled.
      The judgment is affirmed.
 
                                                                         FRANK G. McDONALD 
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed February 3, 1999
Do not publish