97127CR.Davis-TamarcusJermaine.fgm.wpd















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-127-CR

     TAMARCUS JERMAINE DAVIS,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 339th District Court
Harris County, Texas
Trial Court # 726032
                                                                                                                
                                                                                                        
O P I N I O N
                                                                                                                

      Appellant Davis appeals his conviction for aggravated robbery for which he was sentenced
to ten years in the Institutional Division of the Texas Department of Criminal Justice.
      On June 24, 1996, Mohammed Awad, a self-employed wholesaler, loaded a rented- yellow
Ryder truck to make a delivery. While in route Mr. Awad and two men, who were helping him,
stopped at a Conoco station to buy cigarettes. Awad left his keys in the truck with his companions
and went inside. While he was paying for his purchase, the cashier told Awad that his truck was
moving. Awad went outside to investigate and found his two companions standing on the
pavement and his truck backing out of its parking space. As Awad ran after the truck, Appellant,
who was sitting in the passenger seat of the truck yelled, “Get away, I have a gun,” then pointed
the gun at Awad, and fired. Fearing for his life, Awad dropped to the ground. Within seconds
Awad summoned the police. He saw the truck turn on to Beechnut Street and called the police
again to tell them of the truck’s approximate location.
      At the same time Richard Hoxworth, a retired bus driver who was at the Conoco station
buying gasoline, saw Awad run after the truck and saw the passenger reach out and shoot at
Awad. Hoxworth followed the truck in his car, noted the truck’s direction, and returned to the
Conoco station. A few minutes later the police arrived and took Awad and Hoxworth to a location
where they had Appellant in custody.
      Meanwhile Constable Bacon was nearby and heard about the shooting on his radio. Soon
thereafter, he saw the yellow Ryder truck and its two occupants about three miles from the Conoco
station. Constable Bacon gave chase; the truck ran a red light, and then stopped. Its occupants
left the truck and ran. Constable Bacon and a police officer, who had responded to the shooting,
captured Appellant. Appellant had fallen to the ground and the officers called for an ambulance. 
At the ambulance scene, and about twenty minutes after the shooting, Awad and Hoxworth
identified Appellant as the truck’s passenger who shot at Awad.
      Fingerprints were found later on the truck’s passenger door and were identified as belonging
to Appellant. He was indicted for aggravated robbery and at trial Awad identified Appellant as
the person who shot at him while stealing the truck. A jury convicted Appellant and assessed his
punishment at ten years in prison.
      Appellant appeals on six points of error.
      Point 1 asserts the trial court erred by overruling his motion to suppress the in-court
identification by Awad because it was shown that the identification was based on an impermissibly
suggestive out-of-court identification procedure.
      Awad, who was driving a yellow Ryder truck on June 24, 1996, stopped at a Conoco station
for cigarettes. While in the station he saw the truck moving and ran out after it. A man leaned
out of the passenger side of the truck and fired a gun at him. He called the police and within half
an hour the police transported Awad to a location where a man lay on a stretcher near an
ambulance. Awad identified him on the stretcher as the person who fired a gun at him. 
Appellant’s motion to suppress Awad’s identification contended the procedure used by the police
was impermissibly suggestive. The trial court overruled the motion to suppress and Awad was
permitted to identify Appellant before the jury as the person who shot at him.
      Awad’s in-court identification of Appellant as the man who shot at him was based on the
events of June 24, 1996, at the Conoco station. A conviction based on an in-court eye-witness
identification should be set aside only if the identification was the result of a pretrial procedure that
was so impermissibly suggestive as to give rise to a substantial likelihood of irreparable
misidentification. Turner v. State, 614 S.W.2d 144, 145-46 (Tex. Crim. App. 1981). Absent
clear and convincing evidence that the in-court identification was tainted by improper pretrial
procedures, the in-court identification is admissible. Jackson v. State, 628 S.W.2d 446, 448 (Tex.
Crim. App. 1982).
      When, as here, the record clearly reveals that the ability of a witness to make an in-court
identification has an origin independent of any allegedly improper pretrial identification procedure,
the in-court identification is admissible at trial. Buxton v. State, 699 S.W.212, 216 (Tex. Crim.
App. 1985).
      Further, Appellant had worked loading trucks for Awad and his identification of Appellant
was not based solely on his identification made at the ambulance site. Appellant has not
demonstrated that the procedure gave rise to a substantial likelihood of misidentification. Thus
Appellant has not met his burden to show that Awad’s in-court identification was unreliable.
      Point 1 is overruled.
      Point 2 asserts the trial court committed reversible error in overruling Appellant’s motion to
suppress the in-court identification of Appellant by Richard Hoxworth when it was shown that the
identification was based on an impermissibly suggestive out-of-court identification procedure.
      Hoxworth saw the shooting of June 24, 1996, and was taken to the ambulance site where
Appellant was on a stretcher. Hoxworth testified at the motion to suppress hearing that the man
he saw on the stretcher was the same man who shot at Awad. The trial court ruled that an in-court identification of Appellant by Hoxworth would be suppressed. Hoxworth did not identify
Appellant as the robber in the presence of the jury. Appellant is mistaken.
      Point 2 is overruled.
      Points 3 through 6 assert the evidence legally or factually insufficient to support Appellant’s
conviction because (1) the evidence failed to show that Appellant ever obtained or maintained
control over Awad’s truck and (2) the Appellant’s guilt was established under the law of parties
and the State never asserted this theory of guilt at trial.
      When reviewing the legal sufficiency of the evidence, we examine all the evidence adduced
at trial in the light most favorable to the verdict and determine if any rational factfinder could have
found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 319 (1979); Criner v. State, 860 S.W.2d 84, 86 (Tex. Crim. App. 1992). If any
evidence established guilt beyond a reasonable doubt, the conviction is not subject to reversal. 
Anderson v. State, 871 S.W.2d 900, 902 (Tex. App.—Houston [1st Dist.] 1994, no pet.).
      In reviewing the factual sufficiency of the evidence, we view all the evidence without the
prism of “in the light most favorable to the prosecution,” and set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Cain v. State, 958 S.W.2d 404, 407-08
(Tex. Crim. App. 1997).
      Appellant was charged with aggravated robbery. A person commits robbery if, in the course
of committing theft, he intentionally or knowingly threatens or places another in fear of imminent
bodily injury or death. Tex. Penal Code Ann. § 29.02(a). Robbery becomes aggravated when
the accused uses or exhibits a deadly weapon. Tex. Penal Code Ann. § 29.03(a)(2). A firearm
is a deadly weapon per se. Tex. Penal Code Ann. § 1.07(a)(17).
      The State must follow the indictment’s allegations and is required to prove each allegation
beyond a reasonable doubt. Doyle v. State, 661 S.W.2d 726, 729 (Tex. Crim. App. 1983).
      The indictment alleged that Appellant:
On June 24, 1996, did then and there, unlawfully, while in the course of committing theft
of property owned by Mohammed Awad, and with intent to obtain and maintain control
of the property, intentionally and knowingly threaten and place Mohammed Awad in fear
of imminent bodily injury and death and that [Appellant] did then and there use and
exhibit a deadly weapon, to-wit: a firearm.

      Thus the State was required to prove Appellant intentionally and knowingly threatened and
placed Awad in fear of imminent bodily injury and/or death when he fired his gun at Awad while
stealing his truck. Awad’s testimony alone was sufficient to establish the offense’s essential
elements. He testified that Appellant, while in the course of committing the theft of his truck,
pointed and fired a firearm at him and placed him in fear of bodily injury or death.
      Appellant contends that the jury should not have concluded he committed aggravated robbery
because the evidence did not show Appellant ever obtained or maintained control of Appellant’s
truck. He also contends that because he sat in the truck’s passenger seat and shot at Awad, while
his accomplice drove the truck, that he did not commit the underlying theft necessary to sustain
a conviction for aggravated robbery and was only guilty as a party, a theory never asserted by the
State.
      The evidence is not rendered insufficient merely because Appellant’s accomplice actually
drove Awad’s truck while Appellant only leaned out the window and shot at Awad. Moreover,
Appellant testified that he intended to steal the truck and was guilty of stealing the truck “but not
at gunpoint.”
      We hold the evidence is both legally and factually sufficient to sustain Appellant’s conviction.
      Point 3 through 6 are overruled. The judgment is affirmed.
 
                                                                         FRANK G. McDONALD
                                                                         Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed June 9, 1999
Do not publish