Jesse Roland Flores v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-197-CR

     JESSE ROLAND FLORES,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 218th District Court
Atascosa County, Texas
Trial Court # 94-01-0038-CRA
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Appellant Flores appeals his conviction for possession of cocaine (less than 18 grams),
enhanced by one prior felony conviction, for which he was sentenced to fifty years in the
Institutional Division of the Texas Department of Criminal Justice.



      On July 14, 1993, DPS Trooper Bernhardt and Trooper Quinney, a drug-dog handler, stopped
a vehicle for speeding. Appellant was a front-seat passenger. Quinney received consent to search
the vehicle from the driver, Luis Marquez. During the search Quinney’s dog “alerted” to the seat
where Appellant had been sitting. At the same time DPS Officer Bernhardt, told Quinney that
Appellant had outstanding warrants for his arrest. Quinney told appellant that he was going to be
arrested for the warrants and that the “drug dog” had alerted to his car seat.
      Appellant then fled with Quinney in pursuit. After a short chase Appellant turned to face
Quinney. As Quinney prepared to grab Appellant a handgun fell to the ground behind and
between Appellant’s legs. Appellant then retrieved a bag of white powder from the small of his
back and scattered it on the ground. Officers Bernhardt and Quinney subdued Appellant and
Bernhardt gathered as much of the powder from the ground as he could. DPS Chemist Thain
testified that Bernhardt had recovered 1.04 grams of cocaine.
      Appellant was convicted of possession of cocaine, enhanced by one prior felony conviction. 
Other facts will be noted in discussing Appellants points of error. By new counsel he appeals on
two points.
      Point 1: Appellant was denied effective assistance of counsel as required by the United States
and Texas Constitutions.
      Specifically, Appellant complains that he did not receive effective assistance of counsel at the
guilt-innocence phase of the trial because his trial attorney failed to: (1) request a mistake-of-fact
instruction in the jury charge; (2) adequately investigate the facts of the case prior to trial; and (3)
call a witness crucial to Appellant’s defense. These complaints have not been presented to the trial
court.
      Appellant’s complaints are barred by Rule 33.1(a) of the Texas Rules of Appellate Procedure. 
Tex. R. App. P. 33.1(a). This Rule provides that as a prerequisite to presenting a complaint for
appellate review, the record must show: (1) a timely request, objection, or motion made to the trial
court stating the grounds for the complaint; and (2) a ruling on the request, objection or motion,
or a refusal to rule, coupled with an objection to such refusal. Applying the clear language of the
Rule, we find that Appellant’s complaints have not been preserved for our review. Gonzales v.
State, No.10-98-268-CR, 1999 Tex. App. (Waco June 9, 1999, no pet.).
      Because the complaints were not presented to the trial court we overrule Point 1.
      Point 2: The jury’s verdict was so contrary to the overwhelming weight of the evidence as to
be clearly wrong and unjust.
      Specifically, Appellant complains that the evidence is factually insufficient to sustain his
conviction. When reviewing the legal sufficiency of the evidence, we must examine all the
evidence to determine if any rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Criner v. State,
860 S.W.2d 84, 86 (Tex. Crim. App. 1992). In making this examination we view the evidence
in the light most favorable to the verdict. Butler v. State, 769 S.W.2d 234, 239 (Tex. Crim. App.
1989). If there is any evidence that establishes guilt beyond a reasonable doubt, the conviction
is not subject to reversal. Anderson v. State, 871 S.W.2d 900, 902 (Tex. App.—Houston [1st
Dist.] 1994, no pet.)
      In reviewing the factual sufficiency of the evidence we view all the evidence without the
prism, “in the light most favorable to the prosecution.” Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996); Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). Thus,
the reviewing court may consider the testimony of defense witnesses. Clewis at 135. However,
even under a factual sufficiency analysis, the reviewing court is not authorized to substitute its
judgment for that of the factfinder. Clewis at 133. The reviewing court sets aside the verdict
“only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust.” Clewis at 135. A clearly wrong and unjust verdict may occur in instances where the
jury’s verdict “shocks the conscience” or “clearly demonstrates bias.” Santellan v. State, 939
S.W.2d 155, 164 (Tex. Crim. App. 1997).
      It is undisputed that Appellant possessed cocaine. He testified that he thought it was an
innocent and legal vitamin for use with fighting roosters.
      The State must prove that: (1) Appellant exercised control over the contraband and (2)
Appellant knew that the substance in his possession was contraband. King v. State, 875 S.W.2d
701, 703 (Tex. Crim. App. 1995).
      The evidence shows that Appellant possessed the substance, attempted to dispose of it after
the traffic stop, and that the substance he possessed was cocaine.
      The facts established in the record are: (1) Appellant had a prior murder conviction, thus
casting doubt on his credibility; (2) he served fourteen years in prison, demonstrating his exposure
to the knowledge and ways of the criminal; (3) his prior knowledge of how cocaine appears and
is packaged shows he is familiar with and knowledgeable about illegal drugs; (4) his possession
of a handgun, though a convicted felon, shows his willingness to violate the law; (5) his hiding
of the cocaine in the small of his back shows his fear of it being discovered; (6) his flight from
Officer Quinney; and (7) his scattering the powder on the ground shows that he knew what he had
was an illegal substance. The evidence also disclosed that Luis Marquez, from whom Appellant
received the cocaine, had a daily habit and that his wife, Dianna Marquez, who was the rear-seat
passenger, was on probation for possession of cocaine, and also that she had a handgun in her
purse.
      All of Appellants acts are consistent with that of a person with guilty knowledge. The jury
was entitled to believe that Appellant had knowledge that the substance in his possession was
cocaine. The verdict is not contrary to the overwhelming weight of the evidence and is not clearly
wrong or unjust. The evidence is factually sufficient to sustain the conviction.
      Point 2 is overruled. The judgment is affirmed.
 
                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Justice Vance,
      Justice Gray, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed July 14, 1999
Do not publish