Affirmed and Memorandum Opinion filed May 1, 2003









Affirmed and Memorandum Opinion filed May 1, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00114-CR

____________

 

VERDELL SUTPHEN, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 



 

On
Appeal from the 179th District Court

Harris County, Texas

Trial
Court Cause No. 867,720

 



 

M
E M O R A N D U M  O P I N I O N

Appellant
Verdell Sutphen was convicted by a jury of aggravated assault and sentenced to
seven years imprisonment.  In four points
of error, appellant contends: (1) the trial court erred in denying an
accomplice-witness instruction when requested; (2) trial counsel was
ineffective due to counsel=s failure to request a jury charge on accomplice-witness
testimony; (3) there was insufficient evidence to sustain a guilty verdict; and
(4) he was deprived of a fair and impartial jury when, after the court
sustained his objection and instructed the jury, the State alluded to a gang
affiliation.  We affirm.








Factual Background

On
the night in question, appellant was driving his Cadillac with Wilbert Howard,
Salih El-Amin, and an individual known as ABoo Man@ as passengers.  Chris
Battle approached the group in a Buick and discussed going to the south side of
town.  Appellant and Salih agreed and
joined Battle in the Buick.  Howard and
Boo Man remained in and drove the Cadillac.

As
they approached the Harbor Apartments on Sapling Way, the two cars stopped in a
nearby convenience store parking lot. 
Battle told Howard to remain in the parking lot while the individuals in
the Buick went to visit appellant=s girlfriend.  The Buick
then left the parking lot.  Howard, after
seeing a police station nearby, became nervous and decided not to wait, but
rather to follow the Buick. 

Shortly
thereafter, a high speed chase ensued between the Buick and a Cavalier.
Appellant, using a .45 caliber weapon, fired into the Cavalier occupied by
complainant.  At times reaching speeds of
over 100 m.p.h., the chase ended when the complainant=s
vehicle crashed, killing two passengers. 
The medical examiner testified that one of the occupants suffered bullet
wounds to the head and face.  Howard
heard gun shots hit his vehicle, left the scene and paged appellant, whom he
met later on Clover Street.

Upon
fleeing the scene, appellant went to the home of Jamal Irving.  Irving=s father owned an automobile body repair shop, and appellant
dropped off the Cadillac to have the bullet holes repaired.  The next day, Irving went to talk with
appellant, who described the events at issue and told him the car needed to be
repaired.  Irving determined the cost and
agreed to perform the necessary repairs.








Appellant
also went to the residence of John Levine. 
He asked Levine to hold a firearm for him.  Levine attempted to sneak the weapon, wrapped
in a sheet, into his house, but was prevented from doing so by his mother who
would not allow the weapon in the house. 
Appellant ultimately was indicted for felony murder, tried by a jury and
convicted of the lesser included offense of aggravated assault.

Accomplice-Witness Instruction

 

In
his first point of error, appellant contends the trial court erroneously denied
his request to instruct the jury that Irving was an accomplice-witness as a
matter of law.  Specifically, appellant
claims Irving=s testimony indicated that he repaired some of the bullet holes
in appellant=s car which was driven on the night in question.  Appellant argues this testimony demonstrated
that Irving was an accomplice to the assault. 
Thus, he claims that he was entitled to an accomplice-witness
instruction.

The
State argues that appellant=s complaint on appeal does not comport with the objection he
advanced at trial.  See Tex. R. App. P. 33.1.  We agree. 
Appellant did not request an instruction that Irving was an accomplice
as a matter of law.  Rather, he requested
only an instruction that Irving was an accomplice-witness as a matter of
fact.  Thus, appellant has waived any
objection.  However, even had appellant
properly preserved error, we could not find the trial court erred.  

In
reviewing jury charge error, we must first determine whether error exists in
the jury charge; and second, whether sufficient harm was caused by the error to
require reversal.  Mann v. State,
964 S.W.2d 639, 641 (Tex. Crim. App. 1998). 
The existence of jury charge error depends upon whether appellant was
entitled to an accomplice-witness instruction. 
See Medina v. State, 7 S.W.3d 633, 641 (Tex. Crim. App. 1999).








A
person is an accomplice if he participates before, during, or after the
commission of a crime and can be prosecuted for that offense or for a
lesser-included offense.  Id.  Mere presence during the commission of the
crime, knowledge about the crime and failure to disclose it, or even concealment
of the crime is not sufficient to render a person an accomplice.  Id. 
Nor does a witness=s complicity with the accused in the commission of a different,
but related, offense make him an accomplice to the crime for which the accused
is on trial.  Creel v. State, 754
S.W.2d 205, 213 (Tex. Crim. App. 1988). 
An accomplice must affirmatively act to promote the commission of the
crime either before, during, or after the offense.  Medina, 7 S.W.3d at 641.  Even when a witness participates in concealing
the crime, such evidence is insufficient to raise the issue of accomplice
status.  Jackson v. State, 933
S.W.2d 696, 698 (Tex. App.CSan Antonio 1999, pet ref=d).

Here,
appellant asserts Irving=s repair of the bullet holes constitutes participation after
the fact.  However, appellant points to
no evidence indicating Irving made an affirmative act to promote the commission
of the crime either before, during, or after the offense appellant alleges
rendered him an accomplice.  See
Medina, 7 S.W.3d at 641.  A witness
whose participation in a crime occurred only after the commission of the
offense, namely a person who, under the prior law, would have been considered
an accessory after the fact, is no longer defined an accomplice-witness.  See Easter v. State, 536 S.W.2d 223,
228 (Tex. Crim. App. 1976).  The
testimony of a witness without complicity in the offense for which an accused is
on trial is not that of an accomplice-witness, regardless of his complicity
with the accused in other offenses.  Gamez
v. State, 737 S.W.2d 315, 322 (Tex. Crim. App. 1987).  We cannot say Irving was an
accomplice-witness under the circumstances of this case.  Irving was working for his father in an auto
shop and was paid to repair a vehicle. 
The fact that he may have been told about the cause of the damage to the
automobile he was repairing does not make him an accomplice.  Thus, we hold that even if appellant properly
preserved error, the  trial court did not
err in denying appellant=s request to instruct the jury that Irving was an
accomplice-witness as a matter of law. 
Accordingly, we overrule his first point of error.

Ineffective Assistance of Counsel








Appellant
argues in his second point of error that trial counsel was ineffective for
failing to request a jury instruction on accomplice-witness testimony as it
applied to Wilbert Howard and John Levine. 
Review of trial counsel=s representation is highly deferential; we indulge a strong
presumption that counsel=s conduct falls within a wide range of reasonable representation.  Strickland v. Washington, 466 U.S.
668, 689 (1984); Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App.
2000).  Under the Strickland
analysis, an appellant must first show counsel=s performance was deficient, i.e., that it fell below an
objective standard of reasonableness.  Strickland,
466 U.S. at 687.  It is the appellant=s
burden to prove ineffective assistance of counsel.  Id. 
Even if counsel=s performance was deficient, appellant must demonstrate a
reasonable probability that, but for that deficiency, the outcome would have
been different.  Id.  A reasonable probability is a probability
sufficient to undermine confidence in the outcome of the proceedings.  Herron v. State, 86 S.W.3d 621, 634
(Tex. Crim. App. 2002); Hernandez v. State, 726 S.W.2d 53, 55 (Tex.
Crim. App. 1986).  We should defer to
counsel=s
decisions and deny relief when there is at least a possibility the trial
counsel=s
conduct was a legitimate trial strategy. 
See Ortiz v. State, 93 S.W.3d 79, 88-89 (Tex. Crim. App. 2002).

Appellant
asserts that Howard and Levine were accomplices as a matter of law and
therefore an instruction should have been submitted to the jury.  We disagree. 
If the State=s witness has no complicity in the offense for which an accused
is on trial, his testimony is not that of an accomplice-witness whatever may
have been his complicity with the accused in the commission of other offenses.  Gamez, 737 S.W.2d at 322.  If the evidence demonstrates the witness is
not an accomplice, the trial court need not instruct the jury either that Athe
witness is an accomplice-witness as a matter of law or in the form of a fact
issue whether the witness is an accomplice-witness.@  Id.








Levine
testified appellant came to his residence and asked him to sneak a gun into his
house, but Levine=s mother intercepted them and forced appellant to remove the
gun.  There is no evidence that Levine
planned, participated, or intended to participate in the shooting.  Likewise, there is no evidence Howard
participated in the crime.  Driving a separate
vehicle, Howard was told to wait in the parking lot of a convenience.  Howard, noticing a police station nearby,
instead decided to follow appellant=s car.  As he rounded a
street corner, he heard gun shots and immediately fled.  The only instruction given to Howard was to
wait in the nearby parking lot, and the evidence showed that was the extent of
his participation.  There is no evidence
of any plan by, or with Howard other than to wait while appellant visited his
girlfriend. 

We
conclude there is no evidence to suggest that Levine or Howard were
accomplices.  Accordingly, a requested
accomplice-witness instruction would have been properly denied by the trial
court.  Appellant=s
counsel cannot be considered ineffective for failing to request such an instruction.  Appellant has not met his burden to prove he
received ineffective assistance of counsel. 
We overrule appellant=s second point of error.

Sufficiency of the Evidence

In
his third point of error, appellant challenges the legal sufficiency of the
evidence supporting his conviction.  In
so doing, appellant relies upon article 38.14 of the Code of Criminal
Procedure, which provides that a conviction cannot be had upon the testimony of
an accomplice unless corroborated by other evidence tending to connect the
defendant with the offense committed.  See
Tex. Crim. Proc. Code '
38.14.  The corroboration is not
sufficient if it merely shows the commission of the offense.  Id.

The
State, however, contends appellant is estopped from complaining on appeal that
the evidence failed to establish all of the elements of the lesser-included
offense of aggravated assault.  We agree.  Where, as here, a defendant does not object
to the submission of a lesser included offense, and thereby accepts the benefit
of such a charge in the court=s instructions, that defendant is estopped from thereafter
challenging the sufficiency of the evidence to support a conviction for that
lesser offense.  See Taylor v. State,
947 S.W.2d 698, 702 (Tex.
App.CFort Worth 1997, pet. ref=d).  Thus, appellant is
estopped from challenging the legal sufficiency of the evidence supporting his
conviction.








However,
even if appellant had properly objected to the submission of the lesser
included offense, the evidence is legally sufficient to support his
conviction.  In conducting a sufficiency
review under the accomplice‑witness rule, a reviewing court must
eliminate the accomplice testimony from consideration and then examine the
remaining portions of the record to see if there is any evidence that tends to
connect the accused with the commission of the crime.  See Solomon v. State, 49 S.W.3d 356,
361 (Tex. Crim. App. 2001).  ATendency
to connect@ rather than rational sufficiency is the standard; the
corroborating evidence need not be sufficient by itself to establish
guilt.  Id.  The accomplice‑witness rule is not
based upon federal or state constitutional notions of sufficiency; there simply
needs to be Aother@ evidence tending to connect the defendant to the offense.  Id. 


We
need only apply the article 38.14 corroboration requirements to the
accomplice-witness testimony of Battle. 
As we have already concluded that Irving, Levine, and Howard were not
accomplices as a matter of law, we need not eliminate their testimony from
consideration.  Id. at 362. 

Appellant
admitted to Jamal Irving that he had been involved in both the chase and
shooting of the complainant=s vehicle.  Irving
testified that appellant confessed he traveled to Braeswood in order to hurt or
kill someone.  When appellant began to
attack the complainant, a chase ensued and shots were fired at appellant=s
vehicle.  Both appellant and Salih then
began returning gunfire with a .45 handgun and an AK-47 assault rifle.  In addition, appellant asked Irving whether
he had seen the news reports concerning the incident.  Further, Irving testified appellant claimed
to have been responsible for the incident.








The
corpus delicti of a crime simply consists of the fact that the crime in
question has been committed by someone, or more precisely, that the evidence
establishes the elements of the crime, Awithout embracing the further fact (needed for conviction) that
the defendant was the one who did or committed that act or was otherwise
responsible therefor.@  Fisher v. State, 851 S.W.2d 298, 303 (Tex. Crim. App. 1993).  It is well-established that an extrajudicial
admission alone is insufficient to establish the corpus delicti.  See Criner v. State, 868 S.W.2d 29, 30
(Tex. App.CBeaumont 1994, pet. ref=d).  The confession must
be corroborated by other evidence that establishes the commission of a crime;
in other words, the corpus delicti must be proved.  See Fisher, 851 S.W.2d at 303.  We must first consider all the record
evidence, except appellant=s extrajudicial confession, in the light most favorable to the
jury=s
verdict and determine if that evidence tended to establish that the aggravated
assault occurred.  Id.  In this case, evidence admitted independently
of appellant=s extrajudicial statement tends to show the crime of aggravated
assault occurred.  The medical examiner
testified that complainant suffered multiple blunt force trauma with the
compression of the chest which caused his death.

Once
the existence of an offense is established, a confession alone is sufficient to
show a defendant=s connection to the crime. 
See Farris v. State, 819 S.W.2d 490, 495 (Tex. Crim. App. 1990), overruled
on other grounds, Riley v. State, 889 S.W.2d 290 (Tex. Crim. App.
1994) (op. on reh=g); Thomas v. State, 807 S.W.2d 803, 805 (Tex. App.CHouston [14th Dist.] 1991, pet. ref=d).  Thus, contrary to
appellant=s assertions, the record contains more than sufficient evidence
to meet the corroboration requirement of article 38.14.  See Cathey v. State, 992 S.W.2d 460,
461 (Tex. Crim. App. 1999).  Accordingly, we
overrule appellant=s third point of error.

Extraneous Evidence of Gang Affiliation

In
appellant=s fourth point of error, he contends he was denied a fair and
impartial trial when the State alluded to the jury that he was affiliated with
a gang.  To preserve error for appellate
review, a complaining party must first object and if the trial court sustains
the objection, the complaining party must then ask for an instruction to
disregard.  Torres v. State, 491
S.W.2d 126, 128 (Tex. Crim. App. 1973). 
If the instruction is given, the complaining party must then move for a
mistrial.  Id.  Here, appellant  objected and received a limiting
instruction.  However, he failed to make
a motion for mistrial.  An appellant must
obtain an adverse ruling in order to preserve a matter for review.  Tucker v. State, 990 S.W.2d 261, 262
(Tex. Crim. App. 1999); Nethery v. State, 692 S.W.2d 686, 701 (Tex.
Crim. App. 1985).  Appellant did not do
so.  Therefore, his fourth point of error
is waived.








Conclusion

For
the foregoing reasons, the trial court=s judgment is affirmed.

 

 

 

 

 

/s/        Eva
M. Guzman

Justice

 

 

Judgment rendered and Memorandum Opinion
filed May 1, 2003.

Panel consists of Justices Hudson, Frost
and Guzman.

Do Not Publish C
Tex. R. App. P. 47.2(b).