IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00059-CV

 

Nortex Foundation Designs, Inc.,

                                                                                    Appellant

 v.

 

The Insurance Company of the State

of Pennsylvania and Pro Tech Track 

& Tennis Surfaces, Inc.,

                                                                                    Appellees

 

 



From the 13th District Court

Navarro County, Texas

Trial Court No. 06-15506-CV

 



MEMORANDUM  Opinion










 

            Nortex Foundation Designs, Inc.
appealed from an adverse judgment rendered against it.  This Court abated the
appeal for mediation because Nortex noted in its docketing statement that the
appeal may be appropriate for mediation.

            The Court received notice of an agreed
mediator on April 11, 2007.  Mediation was to take place on May 11, 2007.  On
June 7, 2007 the Clerk of this Court notified the parties by letter that, as of
that date, we had not received any notice with respect to the result of the
mediation.  The Clerk warned Nortex that it must provide a status report to the
Court within 14 days of the date of the letter, or the appeal may be dismissed
for want of prosecution.  Nortex has not provided a status report.

            This appeal is reinstated on the
Court’s docket and dismissed for want of prosecution.  Tex. R. App. P. 42.3(b).

 

                                                                                    TOM
GRAY

                                                                                    Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Appeal
dismissed

Opinion
delivered and filed June 27, 2007

[CV06]

 






en he
asked Appellant to exit his vehicle. Appellant refused to get out of his car. Deputy Campbell then
placed a cuff on Appellant's right hand and pulled him from the car. Campbell testified that
Appellant pulled the deputy's gun from its holster, pointed it at the deputy's stomach and said,
"I'm going to kill you." Campbell also testified he managed to place his thumb between the
hammer and the slide of the gun; that he was able to detach the magazine; and that he twisted the
gun from Appellant's hand and re-holstered it. Appellant steadfastly denied that he ever removed
the weapon from Campbell's holster.
      Appellant continued to struggle with Deputy Campbell. As the two struggled, Officer Brooks,
who lived in the apartment complex, came to Campbell's aid. Shortly thereafter Deputy Field
arrived . With the arrival of the two other officers, Appellant ceased struggling.
      Ms. Sulak, a resident of the apartment complex, was just arriving home when she observed
Appellant's arrest. She unloaded packages from her car trunk as she watched the events. She
testified that Appellant was uncooperative and aggressive with Campbell and did not comply with
the deputy's request to get out of his car. She also testified she saw Appellant reach for the
deputy's gun; but turned to speak to her husband; when she turned back around Appellant and the
deputy were engaged in a heated struggle.
      Appellant was indicted for aggravated assault of a police officer. He was tried before the
court without a jury. The court found Appellant guilty and sentenced him to five years in prison.
      Appellant appeals on one point of error: "The evidence is legally and factually insufficient
to sustain a conviction for aggravated assault of a peace officer."
       Specifically, Appellant asserts his conviction was based on the testimony of one witness,
Deputy Campbell; that four other witnesses testified; that Appellant vigorously denied taking
Campbell's gun from its holster and threatening to shoot him; and that none of the other witnesses
testified that Appellant took the gun from its holster and threatened Deputy Campbell.
      When reviewing the legal sufficiency of the evidence, we must examine all of the evidence
to determine if any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Criner v. State, 860
S.W.2d 84, 86 (Tex. Crim. App. 1992). In making this examination we view the evidence in the
light most favorable to the verdict. Butler v. State, 769 S.W.2d 234, 239 (Tex. Crim. App.
1989). If there is any evidence that could establish guilt beyond a reasonable doubt, the conviction
is not subject to reversal. Anderson v. State,, 871 S.W.2d 900, 902 (Tex. App.—Houston [1st
Dist.] 1994, not pet.).
      Deputy Campbell testified during his attempt to take Appellant into custody, Appellant
grabbed his gun, pulled it out of the holster, pointed it at his stomach and said, "I'm going to shoot
you." At this time Deputy Campbell was in uniform and was carrying out an official function as
a peace officer. Campbell testified his revolver is a deadly weapon.
      The evidence is legally sufficient to prove Appellant intentionally and knowingly threatened
Deputy Campbell with a deadly weapon.
      In reviewing the factual sufficiency of the evidence, we view all the evidence without the
prism of "in the light most favorable to the prosecution." Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996). Thus the reviewing court may consider the testimony of defense
witnesses and any alternative hypotheses raised by the evidence. Clewis at 135. However, even
under a factual sufficiency analysis, the reviewing court is not authorized to substitute its judgment
for that of the factfinder. Clewis at 133. The reviewing court sets aside the verdict "only if it is
so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." 
Clewis at 135.
      Deputy Campbell testified Appellant pulled his gun from its holster and threatened him. 
Appellant strongly denies that this occurred.
      Appellant contends that none of the other witnesses to the incident saw him draw the deputy's
gun and threaten him with it. From this Appellant urges that the event did not happen.
      While all of the witnesses, other than Deputy Campbell, testified they did not see Appellant
draw the deputy's weapon, it does not follow that such an event did not occur. Ms. Sulak testified
that she saw Appellant go for the deputy's gun and grab the handle, but that she turned away to
speak with her husband. When she turned back, Appellant and the deputy were engaged in a
heated struggle; and that Appellant was very aggressive toward Deputy Campbell. Officer Brooks
and Deputy Field both arrived after Appellant's attempt to gain control of Campbell's weapon. 
Thus they were unable to confirm Deputy Campbell's testimony. However, both Brooks and Field
did confirm that Appellant was uncooperative and struggled with Deputy Campbell in an effort
to escape and, even after Appellant was placed in the back of the patrol car, he continued to yell
and scream and tried to kick his way out of the vehicle.
      Appellant's denial of the offense does not render the evidence insufficient. The trial court was
the judge of the credibility of the witnesses and of the weight to be given their testimony. We
think the court's decision is consistent with the evidence presented and is not so contrary to the
overwhelming weight of the evidence to be clearly wrong and unjust.
      Appellant's point is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed June 17, 1998
Do not publish